UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DESOUZA,<br><br>    Plaintiff,<br><br>v.<br><br>PARK WEST APARTMENTS, INC. et al.,<br><br>    Defendants. | No. 3:15-cv-01668 (MPS) |

**Conference Memorandum and Order Regarding Discovery Disputes**

      The Court held a Rule 16 conference today to discuss the plaintiff's claims, the status of the case, and a discovery dispute between the parties. Mr. DeSouza and counsel for the defendants appeared at the conference, which was held in the courtroom and lasted approximately one hour. The Court began by asking Mr. DeSouza to articulate his claims. He explained that in January 2014 the Defendants took a series of steps, including attempting unsuccessfully to evict him and raising his rent, that he believes were discriminatory on the basis of his race and reflected a desire to retaliate against him for his filing complaints about the Defendants with the U.S. Department of Housing and Urban Development ("HUD"). Mr. DeSouza also explained that the Defendants' then-property-manager, Ms. Doughtie, made serious, false accusations against him in 2014, including accusing him of criminal conduct within the hearing of a group of people and a police officer. Mr. DeSouza said that, although the police officer did not believe these accusations and did not arrest him, and although he was not physically harmed on this occasion, he continues to suffer from emotional distress due to these events.

      After listening to Mr. DeSouza, the Court asked defense counsel whether the defendants had thoroughly searched for documents, including electronic communications, reflecting communications about Mr. DeSouza by Ms. Doughtie, another office worker with whom Mr. DeSouza dealt (Ms. Gannuscio), and their direct supervisor[s]. The Court also discussed with the parties whether a document

in Mr. DeSouza's tenant file apparently reflecting emails between Ms. Doughtie and/or Ms. Gannuscio and the Defendants' outside counsel was protected by the attorney-client privilege and, if so, whether the privilege had been waived through inadvertent production or by operation of HUD policies regarding the accessibility of tenant files.

Finally, the Court briefly discussed with the parties Mr. DeSouza's pending motion to amend the complaint (Doc. # 119), the Defendants' intention to file a motion for summary judgment, and the possible need to postpone the trial so that the Court has an adequate opportunity to review the parties' submissions in connection with any motion for summary judgment; the Court made no ruling on these issues.

After considering the parties' arguments at the conference today, and after considering the letters and discovery requests attached to this order, the Court issues the following orders with respect to the outstanding discovery disputes between the parties:

1. The plaintiff shall file **within seven (7) days** any HUD policies that require the landlords of HUD-subsidized housing to make tenants' files available to tenants. The plaintiff shall at the same time make any arguments with respect to whether any attorney-client privilege that might apply to ECF No. [88-2] has been waived; any such arguments by the plaintiff must be set forth in a double-spaced memorandum, not to exceed 5 pages. The defendants shall have seven (7) days to respond to any filings by the plaintiff; that response may not exceed 5 double-spaced pages.

2. Also within seven (7) days, the defendants shall file a statement on the docket stating whether they have produced all non-privileged e-mails from Kim Doughtie, Lori Gannuscio, and their direct supervisor[s] from January 1, 2014 to November 16, 2015. If the defendants have not produced all such communications, they shall produce them within 14 days. If the Defendants claim that any such communications are privileged, they shall produce a privilege log and file a copy of the log on the docket.

3. The Court sustains the defendants' objections to further production of insurance information both because the requested additional information falls outside of the relevant time frame and because, in any event, it is premature.

4. The Court sustains the defendants' objection to the production of personnel files, including those pertaining to Kim Doughtie's termination. As the court explained previously in ECF No. [45], information relating to Ms. Doughtie's termination is not relevant, in part because it took place after the conduct alleged by the plaintiff in this case.

5. The Court sustains the defendants' objection to producing copies of the current lease because it would not be relevant to the alleged events taking place between January 1, 2014 and November 16, 2015.

6. Because defense counsel represented at the conference that the Defendants had produced all materials in the tenant file other than privileged documents, the defendants' objections to further production of the tenant files are sustained except with regard to the privilege issue concerning ECF No. [88-2], set forth above, which the court will decide after it reviews the submissions concerning a possible waiver.

7. Defense counsel further stated at the conference that he was unaware of any documents relating to the plaintiff's accusations concerning the defamation claim. He further stated that he was unaware of any facts concerning that claim until the claim was recently made in this lawsuit. He also represented that Ms. Doughtie has not worked for the Defendants since she was terminated in 2015. Accordingly, the defendants' objection to producing further information concerning the defamation claim is sustained.

These rulings, combined with the Court's earlier rulings (see, e.g., ECF No. 45), appear to resolve the outstanding discovery disputes between the parties. The parties' correspondence presenting these discovery issues to the Court is attached. If any party believes the Court has not resolved all discovery issues remaining between the parties, that party shall file a statement so indicating and listing the specific outstanding discovery requests (including them verbatim in the statement) that that party believes remains in dispute. The statement may not exceed two pages, shall be double-spaced, and may not include further argument.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
             November 6, 2017