UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| HAILEE R. DESOUZA, | |
|---|---|
| Plaintiff, | No. 3:15-CV-01668 (MPS) |
| v. | |
| PARK WEST APARTMENTS, INC. et al.<br>Defendant. | |

**RULING ON MOTION FOR SANCTIONS**

Hailee R. DeSouza ("DeSouza") brings this suit against his landlord, Park West Apartments, Inc., and Community Builders, Inc., the nonprofit corporation that controls it (collectively "Park West").[1] DeSouza claims chiefly that Park West racially discriminated and retaliated against him by repeatedly attempting to evict him. At issue here is DeSouza's motion for sanctions (ECF No. 134), which he filed in response to Park West's public filing of an exhibit containing his unredacted social security number in its statement of material facts. (ECF No. 130). On the same day that DeSouza filed his motion for sanctions, Park West submitted a "motion to submit redacted exhibit" (ECF No. 136) in which it requested that a "redacted copy [of the exhibit containing DeSouza's social security number] be substituted for the exhibit currently on file with the Court."[2] The Court sealed Park West's statement of material facts the next day. (ECF No. 128).

---

[1] Since Community Builders, Inc., and Park West are part of the same entity, I refer to both as Park West throughout this ruling for convenience.

[2] Park West did not file any other responses to DeSouza's motion.

1

A district court possesses the "inherent power" to sanction parties or their attorneys FOR "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO* ("*Int'l Brotherhood*"), 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). This inherent power extends to violations of Fed. R. Civ. P. 5.2(a), which prohibits parties from filing publicly an individual's full social-security number "[u]nless the court orders otherwise . . . ." *See, e.g.*, *Engeseth v. Cty. of Isanti, Minn.*, 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009) (invoking court's "inherent power" in sanctioning attorney for violations of Rule 5.2(a)). Due to the "'very potency' of a court's inherent power," however, "it should be exercised 'with restraint and discretion.'" *Int'l Brotherhood*, 948 F.2d at 1345 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Applying these principles to the present case, I decline to exercise my inherent power to sanction Park West or its attorneys. Admittedly, Park West's public filing of DeSouza's social security number violated Rule 5.2(a). Shortly after this issue was brought to Park West's attention, however, it attempted to remedy the situation by filing a redacted version of the exhibit in question. Also, Park West had not previously, to the Court's knowledge, filed any documents in violation of Rule 5.2(a) in this case. Courts have concluded in similar situations that a party's willingness to remedy a violation of Rule 5.2(a) as soon as it is brought to their attention ameliorates the need for sanctions. *See Barclay v. Pawlak*, No. 3:09-CV-722(CSH), 2009 WL 4609768, at *2 (D. Conn. Dec. 4, 2009) (declining to sanction party for violating Rule 5.2 where party admitted error and promptly filed redacted version of the offending document to correct the error); *Arismendy v. United States Comm'r of Internal Revenue*, No. CV H-17-938, 2018 WL 1122482, at *2 (S.D. Tex. Mar. 1, 2018) (declining to sanction party for violation of Rule 5.2

where offending "documents were promptly sealed and the violations remedied"); *Nazarova v. Duke Univ.*, No. 1:16CV910, 2017 WL 823578, at *10 (M.D.N.C. Mar. 2, 2017) (same). By contrast, courts have generally imposed sanctions in cases where parties have refused to remedy their violations or committed far more egregious conduct than that of Park West in this case. *See, e.g.*, *Offor v. Ctr.*, No. 15CV2219ADSSIL, 2016 WL 3566217, at *5 (E.D.N.Y. June 25, 2016) (imposing sanctions where party filed publicly hundreds of pages of medical records of mostly infant patients and then opposed ameliorative measures upon receiving notice of infraction); *Engeseth*, 665 F. Supp. 2d at 1048 (imposing sanctions where party publicly filed "full social security numbers and dates of birth for 179 individuals").

I therefore admonish Park West and its attorneys to ensure that they accord DeSouza's personal information with due respect going forward. Future violations of Rule 5.2(a) will likely result in sanctions. For the foregoing reasons, however, DeSouza's motion for sanctions (ECF No. 134) is hereby DENIED.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

June 14, 2018